[Civ. No. 25964.   Second Dist., Div. Two.   Aug. 13, 1962.]

SHIRLEE SERLIS, Plaintiff and Respondent, v. BENJAMIN F. SERLIS, Defendant and Appellant.

720

Murray M. Chotiner for Defendant and Appellant.

N. E. Youngblood for Plaintiff and Respondent.

HERNDON, J.—Plaintiff, Shirlee Serlis, brought this action for divorce against defendant, Benjamin F. Serlis, alleging extreme cruelty and desertion. Defendant failed to answer. After entry of default, an interlocutory judgment of divorce in favor of plaintiff was entered on October 6, 1960.

On March 17, 1961, defendant noticed a motion under section 473 of the Code of Civil Procedure to set aside the entry of default and the judgment and for leave to file an answer and cross-complaint ''on the ground that said default was entered and said interlocutory judgment was taken against defendant through his mistake, inadvertence, surprise, or excusable neglect.'' The matter was determined on the conflicting evidence contained in the declarations of the parties and the testimony introduced at the hearing on the motion. The trial court denied the motion; defendant appeals from the order.

As stated in *Elms* v. *Elms*, 72 Cal.App.2d 508, 513 [164 P.2d 936] : ''It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business his motion for relief under section 473 will be denied. . . . Courts neither act as guardians for incompetent parties nor for those who are grossly careless of their own affairs. . . .'' (See also *Osborn* v. *Osborn*, 131 Cal.App.2d 191, 195-196 [280 P.2d 60].)

And, as recently stated in *Luz* v. *Lopes*, 55 Cal.2d 54, 62 [10 Cal.Rptr. 161, 358 P.2d 289] : ''The burden of proof on such a motion is on the moving party who must establish his position by a preponderance of the evidence. [Citations.] It is for the trial court to determine all conflicts in the testimony or affidavits [citations] and if there is a conflict the determination of the trial court is conclusive on appeal [citations].''

In his brief, defendant recites the facts by reference to the declarations submitted on his behalf in support of the motion. His case is presented as if this court had the power to decide questions of fact and possessed the discretionary powers which belong to the trial court. ▮▮▮ But since it is not within our province to try questions of fact, we must assume that the trial court resolved all conflicts in favor of the prevailing party.[1] (*Luz* v. *Lopes, supra,* 55 Cal.2d 54, 62.) Thus, we recite the facts proved by the evidence presented on behalf of plaintiff.

The parties had been intimately acquainted for some nine years prior to their marriage. They made extensive trips and spent many holidays together over the years. Defendant paid the rentals for an apartment occupied by plaintiff during a major portion of the intervening period. In July 1951 defendant executed his will naming plaintiff as his sole beneficiary, republishing it from time to time. Defendant had asked plaintiff to marry him on numerous occasions and during a party in March 1960 she accepted his proposal. The following day they were married in Las Vegas.

In July of 1960, defendant informed his wife and his attorney, who had handled a number of business matters for him, that he desired a divorce for the reason that he had been a bachelor for over 30 years and could not change his living habits. Defendant deserted plaintiff on July 26, 1960. Thereafter, at defendant's request, plaintiff accompanied him to his attorney's office. It was there suggested that plaintiff obtain independent counsel. However, after several conferences with other attorneys, the parties agreed that defendant's attorney should draft a property settlement agreement between them inasmuch as they were in complete accord with respect to its proposed terms. This was done, and an agreement that might be considered quite generous to plaintiff was signed by both parties.

Said attorney thereafter filed a complaint for divorce on behalf of plaintiff wherein *she prayed only that she be granted a divorce and that her maiden name be restored.* In her complaint, she alleged as follows: ''There is no community property of plaintiff and defendant. . . . Prior to the filing of this

---

[1] It was stipulated by counsel, during the course of the hearing on the motion involved in this appeal, that defendant had been convicted in the federal courts of two felony charges of having used the mails to defraud, and that he had served at least one term therefor in federal prisons.

complaint plaintiff and defendant entered into a full and complete property settlement agreement, with the advice and assistance of counsel, which agreement is in all respects satisfactory to plaintiff. That by reason thereof no relief is sought in this action by plaintiff for support, maintenance or other financial assistance by defendant.''

Defendant was regularly served with summons and a copy of said complaint, and following his failure to answer within the statutory period, his default was duly taken and entered. Thereafter, plaintiff was granted an interlocutory judgment of divorce. *It made absolutely no reference whatsoever to any property settlement agreement; it awarded her nothing in the way of money or property and nothing for alimony or support.* Plaintiff was simply granted a judgment of divorce, including a restoration of her maiden name in conformity with the prayer of her complaint.

Defendant's declarations in support of his motion to set aside said judgment stated that he was 71 years of age and in poor health, and that at the time the agreement was signed, he was suffering from the effects of excessive indulgence in alcohol and sedatives. Further, he stated that the attorney had failed to explain to him that the agreement was unfair and that he did not learn of his legal rights until February 1961.

Defendant, however, has presented nothing which even so much as suggests that he did not understand that he was being sued for divorce. Indeed, even now he does not deny that he had expressed his desire for a termination of the marriage. Since the judgment of divorce herein awarded to plaintiff neither property nor alimony and made no reference to any property settlement agreement, it is difficult to understand how it may be regarded as adverse to defendant's interests.

Defendant cites the case of *Gregory* v. *Gregory,* 92 Cal.App. 2d 343 [206 P.2d 1122], suggesting that it is very similar to the instant case on its facts. Actually, it is quite dissimilar, but more to the point, the appellate court there merely held that the trial court had not abused its discretion in granting the motion. It was not called upon to decide whether or not it would have been an abuse of discretion to have *denied* it. In the present case there is abundant, substantial evidence supporting the trial court's findings that defendant was entirely competent during the pendency of the divorce proceed-

ings, and that the judgment was not taken against him through any mistake, inadvertence or excusable neglect.

The order is affirmed.

Fox, P. J., and Ashburn, J., concurred.